UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
JOLEEN BRENNEISEN,

                              Plaintiff,          **COMPLAINT WITH**
                                                                             **JURY DEMAND**

   - against -

THE CITY OF NEW YORK, NYPD SERGEANT
WILLIAM OSORIO, DR. GAETANO BELLO, NYPD
Medical Unit, in their individual and professional
capacities,

                              Defendants.
-------------------------------------------------------------------------X

       Plaintiff JOLEEN BRENNEISEN, by and through her attorneys, the law firm of AVALLONE & BELLISTRI, LLP, as and for her Complaint against Defendants THE CITY OF NEW YORK (hereinafter "CITY"), NYPD SERGEANT WILLIAM OSORIO, DR. GAETANO BELLO, NYPD Medical Unit, each being sued in their individual and official capacities as employees of Defendant CITY, respectfully sets forth the following:

## NATURE OF ACTION

       1.     This is an action for declaratory relief and damages to secure protection of, and to redress deprivation of, rights secured by the United States Constitution, Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*, as amended, including the Pregnancy Discrimination Act of 1978 ("PDA"), 42 U.S.C. § 2000e(k), the Americans with Disability Act ("ADA"), the New York State Human Rights Law ("NYSHRL"), N.Y. Executive Law § 290 *et seq.* and the New York City Human Rights Law ("NYCHRL"), N.Y. City Administrative Code § 8-101 *et seq.*, providing for relief against discrimination in employment and to correct unlawful

employment practices of Defendants on the basis of Plaintiff JOLEEN BRENNEISEN's gender/sex, disability, pregnancy and related medical condition, as well as for the creation of a hostile work environment.

2. Additionally, this claim seeks money damages, both accrued and prospective, on behalf of Plaintiff JOLEEN BRENNEISEN.

## JURISDICTION

3. The jurisdiction of this Court is invoked based upon federal questions. Further, the jurisdiction of this Court is invoked pursuant to the New York State Constitution, the Constitution of the United States, 28 U.S.C. §§ 1343(3) and (4) and 28 U.S.C. § 1331, as well as 42 U.S.C. §§ 2000e through 2000e(15), the New York State Executive Law § 296, and the New York City Human Rights Law.

4. The rights, privileges and immunities sought herein to be redressed are those secured by the Equal Protection and Due Process clauses of the Fourteenth Amendment of the United States Constitution, and provisions against gender/sex, disability, pregnancy and related medical condition discrimination and the creation of a hostile work environment in violation of Title VII of the Civil Rights Act of 1964, as amended, including the Pregnancy Discrimination Act, the Americans with Disabilities Act, and guidelines and rules promulgated thereunder, along with the applicable provisions of the New York State Constitution, the New York State Executive Law and the New York City Human Rights Law.

5. Jurisdiction is also invoked under the doctrine of pendant jurisdiction with respect to state claims set forth in all counts.

## PROCEDURAL REQUIREMENTS

6. On or about December 9, 2013, Plaintiff JOLEEN BRENNEISEN filed a Verified Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC"), which organization receives and investigates charges of discrimination as set forth by Title VII and the ADA.

7. Said Charge set forth Plaintiff BRENNEISEN's complaints of employment discrimination by Defendants CITY and its employees, the individuals named herein as Defendants.

8. On August 5, 2015, the United States Department of Justice, Civil Rights Division issued a "Right to Sue Letter" to Plaintiff BRENNEISEN, advising her of the completion of her prerequisites to file suit in Federal Court. A copy of the "Right to Sue Letter" issued to Plaintiff BRENNEISEN is annexed hereto as **Exhibit "A."**

## VENUE

9. Venue exists in the Southern District of this Court, County of New York, and State of New York.

10. Venue is proper within this District, as the acts complained of were committed within its boundaries and are based upon violations of the New York State Constitution, the New York State Executive Law, and the New York City Human Rights Law.

## PARTIES

11. Plaintiff JOLEEN BRENNEISEN is a resident of The Bronx, New York, and is a citizen of the United States.

12. Plaintiff is a Hispanic female and at all relevant times was pregnant and suffered from disabilities as defined under the Americans with Disabilities Act, the Pregnancy

Discrimination Act of 1978 ("PDA"), the New York State Executive Law, NYC Administrative Code and has registered her opposition to the discriminatory practices of Defendant CITY and thus is a member of a protected class.

13. Defendant CITY is a municipal corporation duly organized under the laws of the City and State of New York, having its place of business within the City of New York, including its function of operating, managing and financing the New York City Police Department ("NYPD").

14. Upon information and belief, the NYPD operates under the direct authority of Defendant CITY and is the official New York City agency charged with law enforcement and investigative duties throughout New York City, maintains control offices at 1 Police Plaza, New York, New York, along with satellite offices and precincts throughout the City and County of New York within the Southern District of New York.

15. Defendant NYPD SERGEANT WILLIAM OSORIO is a Sergeant employed by CITY as a sworn member of the NYPD and was, at all relevant times, Plaintiff's immediate superior/supervisor in the 23rd Precinct, and is sued in his individual and official capacities.

16. Upon information and belief, Defendant OSORIO was and is a resident of the State of New York and at all times relevant acted within the scope of his official duties as a Sergeant and pursuant to statutes, ordinances and laws of NYC, New York State and the United States.

17. Defendant DR. GAETANO BELLO was employed, at all relevant times, by Defendant CITY in the NYPD as a Doctor assigned to the NYPD Medical Unit, and is sued in his individual and official capacities.

18. Upon information and belief, Defendant BELLO was and is a resident of the State of

New York during the incidents alleged herein, and at all times relevant acted under color of law, within the scope of his official duties as an NYPD Doctor pursuant to statutes, ordinances and laws of NYC, New York State and the United States.

### FACTS UNDERLYING PLAINTIFF'S CAUSES OF ACTION

19. Plaintiff JOLEEN BRENNEISEN is a Hispanic female and is currently employed by Defendant CITY as a Police Officer in the NYPD.

20. Plaintiff BRENNEISEN's date of appointment to the NYPD was July 10, 2006.

21. Plaintiff BRENNEISEN has always maintained an excellent performance record with the NYPD and has never received any CCRB Complaints, nor has she ever been issued Charges and Specifications.

22. In January 2013, Plaintiff BRENNEISEN was reassigned from Patrol to the Domestic Violence Unit in the 23rd Precinct because she was pregnant and suffering from various pregnancy-related medical conditions.

23. Plaintiff BRENNEISEN's immediate supervisor, DEFENDANT SERGEANT WILLIAM OSORIO stated to her that she was "of no use to him" due to her pregnancy and related medical conditions.

24. On or about February 2, 2013, Plaintiff BRENNEISEN became extremely ill and was taken to the Emergency Room at Montefiore Medical Center, where she spent approximately twelve (12) hours and was treated for dehydration and administered anti-nausea medication.

25. Plaintiff BRENNEISEN was required to see Defendant DR. GAETANO BELLO, NYPD Medical Division, who granted Plaintiff a week of sick leave before requiring her to return to work.

26. In or around the second week of February of 2013, Plaintiff BRENNEISEN was once again taken to the Emergency Room at Montefiore Medical Center after she fainted at her home.

27. Plaintiff BRENNEISEN was again administered fluids for dehydration and was given medication to alleviate her nausea.

28. While a patient at Montifiore, the Emergency Room doctor explicitly instructed Plaintiff BRENNEISEN to remain on bed rest.

29. Plaintiff BRENNEISEN provided her discharge papers to DEFENDANT DR.BELLO, but once again she was not placed on bed rest and was instructed to go back to work by Dr. Bello.

30. In or around the third week of February 2013, Plaintiff BRENNEISEN once again was feeling ill, experiencing fainting, nosebleeds and dizziness; she was admitted to Montefiore Medical Center overnight for observation.

31. On February 26, 2013, Plaintiff BRENNEISEN's private obstetrician, Dr. Mari Su of Columbia University Medical Center, issued a letter to Plaintiff which she then gave to the Defendant CITY and DR. BELLO at the NYPD Medical Division.

32. Said letter stated that Plaintiff BRENNEISEN was under Dr. Su's obstetrical care and that "At this time she will be placed on bed rest as of 02/26/2013 until 05/07/2013. This is

due to her Current Pregnancy Condition: *Hyperemeisis Gravidarum*. The expected bedtime is 10 weeks at this time."

33. This information was communicated and reiterated to members of the NYPD Medical Division, including Defendant DR. BELLO, on numerous occasions.

34. Despite Plaintiff BRENNEISEN's doctor's expert opinion, Defendant DR. BELLO continuously refused to place Plaintiff on medical leave for bed rest, forcing her to return to work on restricted duty.

35. Plaintiff BRENNEISEN's obstetrician, Dr. Mari Su, even called Defendant DR. BELLO at the Medical Division to request that Plaintiff be placed on medical leave for bed rest as a reasonable accommodation due to her pregnancy and related medical conditions.

36. Defendant DR. BELLO informed Plaintiff BRENNEISEN that Dr. Su would need to write a more detailed letter.

37. Defendant DR. BELLO informed Plaintiff BRENNEISEN that she could go to work and answer phones.

38. Plaintiff BRENNEISEN informed Defendant DR. BELLO that she needed to drive from her residence in the Bronx to the 23rd Precinct, located in East Harlem, and that this was unsafe given Plaintiff's dizziness and dehydration issues.

39. Nevertheless, Plaintiff BRENNEISEN followed Defendant DR. BELLO's orders and was forced to return to work on March 16, 2013, at which time she was reassigned, upon information and belief, by her immediate supervisor, Defendant OSORIO, to work in the Property Room.

40. While assigned to the Property Room, Plaintiff BRENNEISEN was forced to handle heavy objects and property that was in storage while in her pregnant condition.

41. Plaintiff BRENNEISEN was forced to pick up, push and otherwise move items such as carts loaded with confiscated property, bags of items, computer monitors, lap top computers, and large car speakers taken from trunks of confiscated motor vehicles. These items weighed a significant amount for any individual, let alone Plaintiff who was required to be on bed rest by her obstetrician.

42. The 23rd Precinct Property Room is an extremely messy, dusty, dirty, and therefore, dangerous place for a pregnant woman to have to walk around and work, given that there are property bags everywhere. Furthermore, the area was also under construction and Plaintiff was forced to navigate around and move heavy tools and copper wire spools belonging to Con Edison.

43. In addition to answering phones, Plaintiff BRENNEISEN was forced to move heavy objects and bags filled with heavy objects in order to return the desired property to police personnel and prisoners.

44. In or around April 2013, Plaintiff BRENNEISEN started to have a discharge of water when she visited the restroom.

45. On April 3 & 4, 2013 Plaintiff BRENNEISEN again was hospitalized due to pregnancy complications.

46. Again, on April 5, 2013, Plaintiff BRENNEISEN's obstetrician Dr. Su informed the NYPD that she needed to stay home on bed rest for the health and safety of the twin babies she was carrying, and she was now experiencing bleeding since returning to work.

47. Said information was also communicated by Plaintiff BRENNEISEN to DEFENDANT DR. BELLO.

48. Nevertheless, DEFENDANT DR. BELLO informed Plaintiff to return to work and would not allow her to go on bed rest.

49. Due to her condition, Plaintiff BRENNEISEN continuously went to the bathroom because she had trouble holding down food after returning to work.

50. This was witnessed by multiple Sergeants at her Precinct, including, upon information and belief, Defendant OSORIO and her PBA delegate, Police Officer Galindo.

51. Due to her condition, after her return to work in March of 2013 until July 2013, Plaintiff BRENNEISEN took one to two sick days each month to visit Defendant DR. BELLO at the NYPD Medical Division.

52. In or around June 2013, Plaintiff BRENNEISEN once again informed Dr. Bello of the discharges and her frequent contractions and Dr. Su called Dr. Bello to inform him that Plaintiff should be placed on medical leave for bed rest.

53. Once again, Defendant BELLO refused to place Plaintiff BRENNEISEN on medical leave and informed her that she needed to return to work.

54. Between June 2013 and August 2013, Plaintiff BRENNEISEN frequently visited Dr. Su due to pre-term contractions.

55. At this point in time, Plaintiff BRENNEISEN was unable to eat much, felt very weak, and was unable to walk even short distances.

56. Plaintiff BRENNEISEN's doctor moved up her delivery date via caesarian section, because the pregnancy became very dangerous and the CITY repeatedly disregarded her warnings by forcing Plaintiff to return to work in the Property Room.

57. Nevertheless, on August 10, 2013, Plaintiff BRENNEISEN was rushed to Columbia Hospital and had an emergency cesarean section due to a placental abruption which had caused her to lose a significant amount of blood.

58. Plaintiff BRENNEISEN gave birth to twin girls. One newborn survived a mere two days after delivery before she died, and the surviving twin survived but now suffers from various medical issues reach required surgery and future surgeries as the baby gets older.

59. Many other NYPD officers who suffer line-of-duty injuries, or officers who suffer from medical conditions covered by the Americans with Disabilities Act, request and are granted reasonable accommodations by the CITY at front desk of the precinct to just answer phones and take messages or permitted to remain home in bed pre their doctor's orders.

60. Defendant CITY did not pay the requisite attention to Plaintiff BRENNEISEN's doctor's warnings that Plaintiff desperately required bed rest.

61. Rather than simply reassign Plaintiff BRENNEISEN to a light duty position not requiring her to move heavy objects, Plaintiff was forced to work in the property room moving heavy objects in dirty and unhealthy conditions.

62. Plaintiff BRENNEISEN's request to stay home on bed rest would not have created a burden upon the NYPD and could have easily been granted without interfering with the good order of the department.

63. As a result of Defendant CITY's failure to accommodate Plaintiff BRENNEISEN's requests for reasonable accommodations due to her pregnancy and related medical conditions, as well as their creation of a hostile work environment, Plaintiff suffered extreme physical, emotional and mental damages.

64. Furthermore, Plaintiff BRENNEISEN has suffered economic loss, and will continue to suffer economic loss as a result of Defendants' discriminatory treatment.

<b><u>AS AND FOR A FIRST CLAIM AGAINST DEFENDANT CITY<br>FOR VIOLATION OF TITLE VII OF CIVIL RIGHTS ACT OF 1964,<br>AS AMENDED BY THE PREGNANCY DISCRIMINATION ACT OF 1978<br>BASED UPON SEX/GENDER AND PREGNANCY</u></b>

65. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1-64 with the same force and effect as if fully set forth herein.

66. Based upon the aforementioned facts, Defendants discriminated against Plaintiff as a result of her sex/gender and on the basis of pregnancy and related medical conditions.

67. Defendants intentionally and willfully discriminated against and harassed Plaintiff and permitted Plaintiff to be discriminated against and harassed in her employment on account of her sex/gender, pregnancy and related medical conditions, thereby violating Title VII of the Civil Rights Act of 1964, as amended, including the Pregnancy Discrimination Act of 1978.

68. No action was taken by Defendants or its agents to stop the discrimination and harassment of Plaintiff, thereby creating and contributing to a hostile working environment.

69. As a result of the Defendants' conduct, Plaintiff has suffered economic loss, pain, humiliation, embarrassment, and extreme emotional distress and continues to suffer to this day, and further as a result of Defendants' conduct, Plaintiff has suffered both professionally and personally.

70. As a result of the foregoing, Plaintiff has been damaged in the amount of $5,000,000.00. Additionally, Plaintiff seeks punitive and exemplary damages in the sum of $5,000,000.00 against the individual Defendants.

### AS AND FOR A SECOND CLAIM AGAINST DEFENDANT CITY FOR VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 AS AMENDED FOR CREATION OF A HOSTILE WORK ENVIRONMENT

71. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "70" with the same force and effect as if fully set forth herein.

72. Based upon the above, Plaintiff was discriminated against by Defendants by being forced to endure continued and repeated abuse and hostility based upon her sex/gender, pregnancy and related medical conditions.

73. Defendants intentionally and willfully harassed Plaintiff and permitted Plaintiff to be harassed in employment on account of her sex/gender, pregnancy and related medical conditions in violation of Title VII of the Civil Rights Act of 1964 as amended.

74. No significant action was taken by Defendant CITY OF NEW YORK, or its agents, to stop the harassment of Plaintiff, thereby creating and contributing to a hostile work environment.

75. As a result of Defendants' conduct, Plaintiff has suffered economic loss, pain, humiliation, extreme emotional and physical distress and continues to suffer to this day, and further as a result of Defendants' conduct, Plaintiff has suffered both professionally and personally.

76. As a result of the foregoing, Plaintiff has been damaged in the amount of FIVE MILLION ($5,000,000.00) Dollars. Additionally, Plaintiff seeks Five Million ($5,000,000.00) Dollars in punitive damages from each of the Defendants.

## AS AND FOR A THIRD CLAIM AGAINST DEFENDANT CITY
## FOR VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

77. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "76" with the same force and effect as if fully set forth herein.

78. Based upon the above, Plaintiff was discriminated against by Defendants based upon her disabilities, including but not limited to being denied a reasonable accommodation based upon her pregnancy and related medical conditions, *Hyperemeisis Gravidarum.*

79. Defendants intentionally and willfully discriminated against Plaintiff and permitted Plaintiff to be harassed in employment on account of her disability, in violation of the Americans with Disabilities Act.

80. No significant action was taken by Defendant CITY OF NEW YORK, or its agents, to stop the discrimination against Plaintiff, thereby causing Plaintiff to be subjected to a hostile work environment.

81. As a result of Defendants' conduct, Plaintiff has suffered economic loss, pain, humiliation, extreme emotional and physical distress and continues to suffer to this day, and further as a result of Defendants' conduct, Plaintiff has suffered both professionally and personally.

82. As a result of the foregoing, Plaintiff has been damaged in the amount of FIVE MILLION ($5,000,000.00) Dollars. Additionally, Plaintiff seeks FIVE MILLION ($5,000,000.00) Dollars in punitive damages from each of the Defendants.

## AS AND FOR A FOURTH CLAIM AGAINST ALL DEFENDANTS
## FOR VIOLATION OF THE NEW YORK STATE EXECUTIVE LAW § 296

83. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "82" with the same force and effect as if fully set forth herein.

84. Based on the foregoing, Defendants intentionally and willfully discriminated against Plaintiff in her employment on account of her sex/gender, disability, pregnancy and related medical condition, and the creation of a hostile work environment, in violation of New York State Executive Law § 296.

85. As a result of Defendants' actions and of the deprivations of her rights as guaranteed under New York State Executive Law § 296, Plaintiff has suffered economic loss, pain, humiliation and extreme emotional and physical distress.

86. As a result of the negligent, wrongful, careless, reckless and intentional acts of the Defendants, Plaintiff has been damaged in the amount of Five Million ($5,000,000.00) Dollars. Additionally, Plaintiff seeks Five Million ($5,000,000.00) Dollars in punitive damages.

### AS AND FOR A FIFTH CLAIM AGAINST ALL DEFENDANTS
### FOR VIOLATION OF THE NEW YORK CITY ADMINISTRATIVE CODE §8-107

87. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "86" with the same force and effect as if fully set forth herein.

88. Defendants' treatment of Plaintiff based upon her sex/gender, disability, pregnancy and related medical condition, and the creation of a hostile work environment constitutes discrimination in violation of the New York Administrative Code §8-107(1) *et seq.* and the New York City Human Rights Law.

89. The aforementioned occurrences were caused by the wrongful, careless, reckless and intentional acts of Defendants.

90. Because of the foregoing, Plaintiff has been damaged in the amount of FIVE MILLION ($5,000,000.00) DOLLARS. Additionally, Plaintiff seeks FIVE MILLION ($5,000,000.00) DOLLARS in punitive damages.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff JOLEEN BRENNEISEN prays that this Honorable Court grant the following relief:

1. Declaring the aforementioned actions of Defendant THE CITY OF NEW YORK unconstitutional and in violation of the New York State Constitution, the United States Constitution, Title VII of the Civil Rights Act, as amended, including the Pregnancy Discrimination Act, the Americans with Disabilities Act, the New York State Executive Law § 296 and the New York City Human Rights Law, and further declaring the aforementioned acts of Defendants SERGEANT WILLIAM OSORIO, DR. GAETANO BELLO, in their individual and professional capacities, unconstitutional and in violation of the New York State Constitution, the United States Constitution, the New York State Executive Law § 296 and New York City Human Rights Law.

2. Granting Plaintiff JOLEEN BRENNEISEN money damages in the amount of no less than FIVEMILLION ($5,000,000.00) DOLLARS in compensatory damages for each claim stated herein or in an amount to be proven at trial;

3. Granting Plaintiff JOLEEN BRENNEISEN FIVE MILLION ($5,000.000.00) DOLLARS in punitive damages for each claim stated herein or an amount to be proven at trial;

4. Granting Plaintiff JOLEEN BRENNEISEN all costs of this action including reasonable attorney's fees incurred by Plaintiff; and;

5. Granting Plaintiff JOLEEN BRENNEISEN such other and further relief as may be just and proper.

## JURY TRIAL

Plaintiff JOLEEN BRENNEISEN requests a jury trial on all questions of fact raised by the Complaint.

Dated: Lake Success, New York
       September 24, 2015

                                        AVALLONE & BELLISTRI, LLP

                                        _____
                                        By: Rocco G. Avallone, Esq.
                                        3000 Marcus Avenue, Suite 3E07
                                        Lake Success, New York 11042
                                        (516) 986-2500

# EXHIBIT "A"



U.S. Department of Justice
Civil Rights Division

CERTIFIED MAIL
7010 0290 0000 2016 4291

*950 Pennsylvania Avenue, N.W.*
*Karen Ferguson , EMP, PHB, Room 4239*
*Washington, DC 20530*

August 05, 2015

Ms. Joleen Brenneisen
c/o Rocco G. Avallone, Esquire
Law Offices of Avallone & Bellistri
3000 Marcus Ave.
Suite 3E07
Lake Success, NY  11042

Re:  EEOC Charge Against New York Police Dept.
     No. 520201400654

Dear Ms. Brenneisen:

Because you filed the above charge with the Equal Employment Opportunity Commission, and more than 180 days have elapsed since the date the Commission assumed jurisdiction over the charge, and no suit based thereon has been filed by this Department, and because you through your attorney have specifically requested this Notice, you are hereby notified that you have the right to institute a civil action under Title I of the Americans with Disabilities Act of 1990, 42 U.S.C. 12111, et seq., against the above-named respondent.

If you choose to commence a civil action, such suit must be filed in the appropriate Court within 90 days of your receipt of this Notice.

The investigative file pertaining to your case is located in the EEOC New York District Office, New York, NY.

This Notice should not be taken to mean that the Department of Justice has made a judgment as to whether or not your case is meritorious.

Sincerely,

Vanita Gupta
Principal Deputy Assistant Attorney General
Civil Rights Division

by  Karen L. Ferguson
    Karen L. Ferguson
    Supervisory Civil Rights Analyst
    Employment Litigation Section

cc: New York District Office, EEOC
    New York Police Dept.